IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**TRACY T. FINLEY**
Plaintiff,

vs.

| | |
|---|---|
| **TENNESSEE DEPARTMENT OF CORRECTION** | **REUBEN HODGE** |
| **TONY PARKER** | **JIMMY HALE** |
| **RUTH LONG** | **CYNTHIA CASSAGRANDE** |
| **DAVID McFARLAND** | **CHARLES MOORE** |
| **DALE BASHAM** | |

Defendants

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C., § 1983**

I. Previous Lawsuits
   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (√)

   B. If your answer to A is yes, describe each lawsuit on the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties to the previous lawsuit

   Plaintiffs: N/A

   Defendants: N/A

   2. Court (if federal court, name the district; if state court, name the county ): N/A

   3. Docket Number: N/A

   4. Name of judge to whom case was assigned: N/A

   5. Disposition ( for example: Was the case dismissed? Was it appealed? Is it still pending?) N/A

   6. Approximate date of filing lawsuit: N/A

   7. Approximate date of disposition: N/A

II. Place of Present Confinement: <u>Northwest Correctional Complex</u>

    A. Is there a prisoner grievance procedure in this institution?
        Yes (√) No ( )

    B. Did you present the facts relating to your complaint in state prisoner grievance procedure?
        Yes (√) No ( )

    C. If your answer is Yes:

        1. What steps did you take? <u>**Filed grievance(#9567) (222179) through the institutional grievance procedure. Utilized the Institution's CR-3118 (Rev. 1-07) form.**</u>

        2. What was the result? <u>**Grievance denied and appealed to commissioner and denied again. Issue on CR-3118 was ignored/not addressed**</u>.

    D. If your answer is No, explain why not: <u>N/A</u>

III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. do the same for additional plaintiffs, if any.)

    A. Name of Plaintiff: <u>**Plaintiff Tracy T. Finley is a prisoner of the State of Tennessee in the custody of the Tennessee Department of Correction currently confined to Northwest Correctional Complex in Tiptonville,TN**</u>. Address <u>N.W.C.X.- Site II, 960 State RT 212 Tiptonville, TN 38079</u>

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank.
Use Item c for the names, positions, and places of employment of an additional defendant(s).

    B. **Defendant** <u>Charles Moore is employed as a Corporal in the Tennessee Department of Correction for the State of Tennessee at the Northwest Correctional Complex.</u>

    C. Additional Defendants:

    1) **Defendant** . <u>Ruth Long is employed as the job coordinator for the Tennessee Department of Correction in the State of Tennessee at the Northwest Correctional Complex.</u>

2

2) **Defendant** Cynthia Cassagrande is employed as a sergeant for the Tennessee Department of Correction for the State of Tennessee at the Northwest Correctional Complex

3) **Defendant** Dale Basham is employed as a sergeant for the Tennessee Department of Correction for the State of Tennessee at the Northwest correctional Complex

4) **Defendant** Rueben Hodge is employed as the assistant commissioner for the State of Tennessee in the Tennessee Department of Correction

5) **Defendant** Tony Parker is employed as the Warden for the Tennessee Department of Correction for the State of Tennessee at the Northwest Correctional Complex

6) **Defendant** David McFarland is employed as a CO I for the Tennessee Department of Correction for the State of Tennessee at the Northwest Correctional Complex

7) **Defendant** Jimmy Hale is employed as an IRC for the Tennessee Department of Correction for the State of Tennessee at the Northwest Correctional Complex

8) **Defendant** Tennessee Department of Correction of correction is charged with the care, custody and control of inmates for the State of Tennessee.

IV.   Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statues. If you intend to allege a number of claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.

## Statement of Facts

1. On the date of 4-25-2010, Plaintiff complained to unit staff, CO I McFarland, the Sgt. over Guilds 11-14(Dale Basham), and Cpl. Moore, that the plaintiff and his co-worker was understaffed and in need of another commercial cleaner.

2. For several months the plaintiff has been directed to fill-in that job-assignment.

3. There is a total of (10) ten inmate workers in Guild 13.

3

4. There is nine (9) whites and the plaintiff is the only African-American.

5. Despite the plaintiff's class B medical status the plaintiff is constantly forced to work outside of his medical limitations and also required to take on the task of doing a two (2) man job, where none of my white co-workers are even asked to help out.

6. The plaintiff has informed the unit staff of his class B medical status.

7. The plaintiff submits that this information is also listed on the Security inmate roster and the inmate door labels, as well as program assignment sheets.

8. The plaintiff's co-workers are permitted to go to the law library call out and recreation call out while Plaintiff is required to work.

9. The plaintiff has to do more than his equal share and is denied incentives.

10. On 4/27/2010, plaintiff was directed to remove dust from the top of air ducts in the ceiling.

11. The directive came from Cpl. Moore.

12. Corporal Moore instructed the Plaintiff to do this task although he knew it was outside of the medical restrictions of the Plaintiff.

13. Cpl. Moore stated that if the plaintiff refused, he would issue the plaintiff a disciplinary write-up for failure to participate.

14. Cpl. Moore was aware that the plaintiff was a class B medical, because plaintiff informed Cpl. of his status and this information is readily available to security staff.

15. At this point plaintiff went to the Guild officer and requested a pass to the jobs office.

16. CO I King did issue a pass to plaintiff and plaintiff reported to the jobs office at approximately 1:00 p.m.

17. Upon arrival at the jobs' office, plaintiff explained to Ms. Ruth Long, jobs coordinator, that the plaintiff was being discriminated against, forced to work more than other inmates, required to work outside his medical range and that plaintiff needed to be dropped from this program assignment.

4

18. Ms. Ruth Long referred the plaintiff back to the unit staff for a non-disciplinary job dismissal.

19. Plaintiff addressed the unit team with his request.

20. In turn, the unit team insisted on issuing a class A disciplinary for refusing to participate.

21. Plaintiff requested a grievance form from CO King.

22. With the threat of being written up, plaintiff was forced to add yet another task to his already heavy workload and continued to work outside his medical range.

23. The job coordinator did place plaintiff on the register for a new program assignment, on 4/27/2010.

24. This provoked retaliation by Cpl. Moore, who searched the plaintiff's cell five (5) times in a short period, clearly establishing that these searches were not random, but used as a means to harass, and intimidate.

25. **T.D.O.C. Policy 506.06 Searches (IV.) (I.) Random Selection**: A sample taken from the total population so that each member has an equal chance of being selected.

26. **T.D.O.C. Policy 506.06 Searches (IV.)(G.)(3.)(c.)** The Warden/designee shall identify the number of occupied cells/rooms that are to be searched. The cell search request shall be entered on TOMIS conversation LIBQ. The employee designated to conduct the search shall enter the Cell Search Results on TOMIS conversation LIBR within 48 hours of completing the search.

27. A Sgt. (Dale Basham) that was working the yard was also with Cpl. Moore at the time of these searches.

28. Plaintiff's mat was confiscated on 4/28/2010 in one of these searches.

29. Plaintiff filed grievance on 2/2/09 on Cpl. Moore for threatening and harassment concerning plaintiff being forced to work on plaintiff's off days.

30. Plaintiff requested that no further retaliation be taken against him after filing this grievance.

31. Plaintiff settled the grievance on 2/25/09.

32. Plaintiff amended the grievance filed on 5/6/10, concerning this situation.

33. The amendment was added on 05/18/2010.

34. Plaintiff amendment states as follows: My current job assignment was offered as temporary placement until a medical incentive position came open as a means of me being able to earn program credits. The jobs' coordinator Ruth Long and June Freeman, refusal to place me in a medical incentive position when one was available between 1/26/08 and 6/26/09. When I was dropped from the medical incentive program register other inmates in my housing unit L-13 were assigned to medical incentive programs before I was dropped and afterwards. All inmates listed below are whites that were added and I am African American. Inmates that received these job assignments were Sandy Duke, Billy Curtis, and Joe Barr. Because of this action, it has given rise to several grievances and complaints. As a result of my being forced to work long hours and perform unreasonable tasks well outside my medical restrictions, causing me to suffer mental anguish and emotional distress. For which I am seeking compensation.

35. Grievance chairperson, warden, or commissioner did not address the amendment to grievance.

36. Grievance chairperson (Cassagrande) did not allow the plaintiff to call any of the witnesses that were included on the grievance.

37. Witness list of officers included CO I McFarland, Criswell, Ferrell, King, Johnson, and IRC Hale.

38. Witness list of inmates included G. Jarrett, J. King, D. Hitt, C. Thomas, S. Duke, S. Myers, E. Nichols, A. Jones, and W. Schaffer.

39. Plaintiff was not allowed to utilize grievance procedure fully as a result of non-compliance with institutional procedures.

40. **T.D.O.C. Policy 501.01 Grievance Procedure (V). POLICY:** The TDOC shall ensure that every inmate has the right to utilize the grievance procedure without fear of reprisal. All grievances shall be considered in a fair and impartial manner and resolved at the lowest possible level in the grievance procedure.

41. Plaintiff submits that his current job assignment was offered as temporary placement until a medical incentive position came open.

42. Plaintiff accepted the current position in order to earn program credits, with the understanding that he would not be required to work outside of his medical limitations and also to avoid disciplinary action for refusing to participate.

43. The jobs coordinators, Ruth Long and June Freeman, refused to place plaintiff in a medical incentive position when one was available between the dates of 1/26/2008 and 6/26/2009.

44. Plaintiff was dropped from the medical incentive program without ever being given an assignment.

45. Other inmates in the plaintiff's housing unit (L-13) were assigned to the medical incentive programs before and after the plaintiff was dropped.

46. An inmate that was not classified as a class B medical was also assigned to the medical incentive position while the plaintiff was waiting to be assigned to the medical incentive position.

47. The inmate was a white inmate.

48. Inmates that were added are Sandy Duke (laundry), Billy Curtis (compost), and Joe Barr (laundry).

49. These inmates were added before the plaintiff was dropped from the register and these inmates are whites, establishing a pattern of discrimination.

50. Due to the action of the jobs' office, there have been several grievances and complaints by other inmates.

51. Plaintiff has never been allowed a medical incentive assignment while at site II and had loss program credits waiting for assignment for eight (8) months forcing plaintiff to accept positions out of his medical status and has not been allowed to change positions.

52. Plaintiff submits that he is a class B medical as documented by the institution.

53. Class B medical comments on plaintiff is listed on health assessment comments detail as: limited duty; No heavy lifting-20 lbs. max, able to frequently lift or carry objects weighing up to 10 lbs.; no continuous strenuous activity for extended periods of time 30 min; no continuous standing or walking for extended periods of time 30 min; no participation in weight lifting or strenuous athletics; no activity involving food preparation and handling.

54. **T.D.O.C. LAN definition: Limited Activity Notice** given to plaintiff due to his B medical status.

55. B medical requirements for the plaintiff are described as Limited duty.

56. No heavy lifting-20pounds max.

57. Able to frequently lift or carry objects weighing up to ten pounds.

58. No continuous standing walking for extended periods of time 30 minutes.

59. No participation in weight lifting or strenuous athletics.

60. No activity involving food preparation.

61. Ruth Long assigned plaintiff to an Air Conditioning repair on 4/27/2010, after plaintiff complained about current assignment and being required to work outside of his medical requirements.

62. Air conditioning repair is way out of the range of the plaintiff's medical restrictions and assignment by the job's coordinator shows deliberate disregard to plaintiff's medical needs and status.

63. As a result of the plaintiff being forced to work long hours and perform unreasonable tasks, well outside of his medical restrictions, the plaintiff has suffered mental anguish and emotional distress for which he is seeking compensation.

64. Plaintiff has incurred physical injury as a result of lifting heavy furniture and operating heavy machinery and other duties directed by the unit team.

65. Job description of commercial cleaner position id 0216, sweeps, mops and buffs floor; dust furniture; washes windows; empties trash containers; cleans restrooms thoroughly; follows posted work area cleaning schedule and housekeeping schedule posted in pod/guild. Will perform other duties as directed by staff.

66. Grievance board responded that inmate Tracy Finley was instructed to clean the vents in the guild, but refused to do his job. He did not do any more work than any of the other rockmen. He is trying to retaliate because his mattress was taken from him, but it was taken because it had enough stuffing for five (5) mattresses, and was torn and tied upon the end. At no time was he discriminated against, or made to work in another position.

67. Grievance reply from Dale Basham never addressed the medical restriction issues, nor did he enforce the policy of T.D.O.C. concerning the issue of being forced to work outside of the plaintiff's range.

68. Grievance board's reply is clear violation of medical restriction placed on plaintiff and also shows a wanton disregard for plaintiff's medical need.

69. The medical restriction has not been addressed by any of the responses from TDOC officials, clearly showing a deliberate indifference to the plaintiff's medical needs and restrictions.

9

70. Unit Staff Tyler later inspected other rooms and confiscated other mattresses.

71. Unit Staff Tyler did this as a preemptive action for a discrimination claim to ensure that the plaintiff was not further discriminated against by removing his mattress and no one else.

72. Unit Staff Tyler took this action after speaking with plaintiff about the incident with his mattress.

73. Plaintiff contends that Unit Staff Tyler's return to unit to confiscate all mattresses supports plaintiff's claim that he was being targeted for filing grievance about his work assignment, harassment and discrimination he has been subjected to.

74. Grievance Chairperson (Cassagrande) in turn submitted that the grievant submits his class B medical.

75. In addition, Chairperson stated that, the plaintiff shows where his medical incentive job was dropped for a rockman job.

76. Grievant also submits another grievance from the past, which was settled before it went to a hearing, where he was caused to work beyond his medical requirements.

77. Grievance Committee asks if grievant signed the paper agreeing to do the job, to which the answer was yes.

78. Grievance Sergeant adds that grievant is not a class B medical.

79. Plaintiff did have paperwork to disprove Grievance Sgt.'s claim.

80. Acting Unit Manager Keith McDonald did not address the grievance, Dale Basham responded leaving a conflict of interest as the grievance was filed on the unit team which Dale Basham is a part of.

81. Grievance board sergeant Cassagrande allowed this conflict of interest.

82. Grievance Sergeant/chairperson's (Cassagrande) duty is to remain neutral in grievance process.

83. Grievance Sergeant/chairperson ( Cassagrande) shows clear bias and a denial of plaintiff's right to the full and fair grievance process.

84. Warden Tony Parker agreed with grievance supervisor's response on 5/18/2010, settling question of institutional policy violation on an institutional administrative level.

85. Warden Parker's response promulgated policy on behalf of the institution and T.D.O.C.

86. Grievance decision was appealed to Assistant Commissioner of Operations Ruben Hodge and Assistant Commissioner Hodge agreed with Warden Parker settling question of departmental violation of policy on a departmental administrative level.

87. Reuben Hodge's response promulgated policy on behalf of the T.D.O.C.

88. Limited Activity Notice (LAN)- form number CR-2893 (rev. 6-01) (Attached)

89. Tracy Finley (plaintiff) was authorized for a LAN on 1-29-08 by Jennifer Hyde, LPN. (Attached)

## Statement of Claim

90. The wanton disregard of the plaintiff's serious medical condition and intentional infliction of emotional distress by the defendants Ruth Long, Moore, Cassagrande, Basham, McFarland, Hale, Parker, Hodge and T.D.O.C. violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

91. The failure to adhere to and apply TDOC policy in the instant case by the defendants Long, Cassagrande, Moore, Basham, McFarland, Hale, Parker, Hodge and T.D.O.C. violated the plaintiff's rights and denied the plaintiff his due process rights of the Fourteenth Amendment of the United States Constitution.

92. The deliberate indifference to the plaintiff's serious medical need and intentional infliction of emotional distress by the defendants Long, Cassagrande, Basham, McFarland, Hale, Parker, Hodge, and T.D.O.C. violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

93. The acts and in-action of the defendants Long, Cassagrande, Basham, McFarland, Moore, Hale, Parker, Hodge, and T.D.O.C. violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

94. The acts and in-action of the defendants Long, Cassagrande, Basham, McFarland, Moore, Hale, Parker, Hodge, and T.D.O.C. violated the plaintiff's rights and constituted a violation of the due process clause under the Fourteenth Amendment of the United States Constitution.

95. The wanton disregard of the plaintiff's serious medical condition and intentional infliction of emotional distress by the defendant Ruth Long violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

96. The wanton disregard of the plaintiff's serious medical condition and intentional infliction of emotional distress by the defendant Moore violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

97. The wanton disregard of the plaintiff's serious medical condition and intentional infliction of emotional distress by the defendant Cassagrande violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

98. The wanton disregard of the plaintiff's serious medical condition and intentional infliction of emotional distress by the defendant Basham violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

99. The wanton disregard of the plaintiff's serious medical condition and intentional infliction of emotional distress by the defendant McFarland violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

100. The wanton disregard of the plaintiff's serious medical condition and intentional infliction of emotional distress by the defendant Hale violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

101. The wanton disregard of the plaintiff's serious medical condition and intentional infliction of emotional distress by the defendant Parker violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

102. The wanton disregard of the plaintiff's serious medical condition and intentional infliction of emotional distress by the defendant Hodge violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

103. The wanton disregard of the plaintiff's serious medical condition and intentional infliction of emotional distress by the defendant T.D.O.C. violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

104. The failure to adhere to and apply TDOC policy in the instant case by the defendant Long violated the plaintiff's rights and denied the plaintiff his due process rights of the Fourteenth Amendment of the United States Constitution.

105. The failure to adhere to and apply TDOC policy in the instant case by the defendant Cassagrande violated the plaintiff's rights and denied the plaintiff his due process rights of the Fourteenth Amendment of the United States Constitution.

106. The failure to adhere to and apply TDOC policy in the instant case by the defendant Moore violated the plaintiff's rights and denied the plaintiff his due process rights of the Fourteenth Amendment of the United States Constitution.

107. The failure to adhere to and apply TDOC policy in the instant case by the defendant Basham violated the plaintiff's rights and denied the plaintiff his due process rights of the Fourteenth Amendment of the United States Constitution.

108. The failure to adhere to and apply TDOC policy in the instant case by the defendant McFarland violated the plaintiff's rights and denied the plaintiff his due process rights of the Fourteenth Amendment of the United States Constitution.

109. The failure to adhere to and apply TDOC policy in the instant case by the defendant Hale violated the plaintiff's rights and denied the plaintiff his due process rights of the Fourteenth Amendment of the United States Constitution.

110. The failure to adhere to and apply TDOC policy in the instant case by the defendant Parker violated the plaintiff's rights and denied the plaintiff his due process rights of the Fourteenth Amendment of the United States Constitution.

111. The failure to adhere to and apply TDOC policy in the instant case by the defendant Hodge violated the plaintiff's rights and denied the plaintiff his due process rights of the Fourteenth Amendment of the United States Constitution.

112. The failure to adhere to and apply TDOC policy in the instant case by the defendant T.D.O.C. violated the plaintiff's rights and denied the plaintiff his due process rights of the Fourteenth Amendment of the United States Constitution.

113. The deliberate indifference to the plaintiff's serious medical need and intentional infliction of emotional distress by the defendant Long violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

114. The deliberate indifference to the plaintiff's serious medical need and intentional infliction of emotional distress by the defendant Cassagrande violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

115. The deliberate indifference to the plaintiff's serious medical need and intentional infliction of emotional distress by the defendant Basham violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

116. The deliberate indifference to the plaintiff's serious medical need and intentional infliction of emotional distress by the defendant McFarland violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

117. The deliberate indifference to the plaintiff's serious medical need and intentional infliction of emotional distress by the defendant Hale violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

118. The deliberate indifference to the plaintiff's serious medical need and intentional infliction of emotional distress by the defendant Parker violated the plaintiff's rights

and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

119. The deliberate indifference to the plaintiff's serious medical need and intentional infliction of emotional distress by the defendant Hodge violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

120. The deliberate indifference to the plaintiff's serious medical need and intentional infliction of emotional distress by the defendant T.D.O.C. violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

121. The deliberate indifference to the plaintiff's serious medical need and intentional infliction of emotional distress by the defendant Moore violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States constitution.

122. The acts and in-action of the defendant Long violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

123. The acts and in-action of the defendant Cassagrande violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

124. The acts and in-action of the defendant Basham violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

125. The acts and in-action of the defendant McFarland violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

126. The acts and in-action of the defendant Moore violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

127. The acts and in-action of the defendant Hale violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the Constitution.

128. The acts and in-action of the defendant Parker violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

129. The acts and in-action of the defendant Hodge violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

130. The acts and in-action of the defendant T.D.O.C. violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

131. The acts and in-action of the defendant Hodge violated the plaintiff's rights and constituted a violation of the due process clause under the Fourteenth Amendment of the United States Constitution.

132. The acts and in-action of the defendant T.D.O.C. violated the plaintiff's rights and constituted a violation of the due process clause under the Fourteenth Amendment of the United States Constitution.

133. The acts and in-action of the defendant Parker violated the plaintiff's rights and constituted a violation of the due process clause under the Fourteenth Amendment of the United States Constitution.

134. The acts and in-action of the defendant Hale violated the plaintiff's rights and constituted a violation of the due process clause under the Fourteenth Amendment of the United States Constitution.

135. The acts and in-action of the defendant Moore violated the plaintiff's rights and constituted a violation of the due process clause under the Fourteenth Amendment of the United States Constitution.

136. The acts and in-action of the defendant McFarland violated the plaintiff's rights and constituted a violation of the due process clause under the Fourteenth Amendment of the United States Constitution.

137. The acts and in-action of the defendant Basham violated the plaintiff's rights and constituted a violation of the due process clause under the Fourteenth Amendment of the United States Constitution.

138. The acts and in-action of the defendant Cassagrande violated the plaintiff's rights and constituted a violation of the due process clause under the Fourteenth Amendment of the United States Constitution.

139. The acts and in-action of the defendant Long violated the plaintiff's rights and constituted a violation of the due process clause under the Fourteenth Amendment of the United States Constitution.

**WHEREFORE, THE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

140. **That the court enters judgement and declares the acts and non-action of the defendants Long, Moore, Basham, Cassagrande, McFarland, Hale, Parker, Hodge and T.D.O.C. to violate the plaintiff's right under the Fourteenth Amendment of the United States Constitution.**

141. **That the court enters judgement and declares the acts and non-action of the defendants Long, Moore, Basham, Cassagrande, McFarland, Hale, Parker,**

Hodge and T.D.O.C. to violate the plaintiff's rights under the Eighth Amendment of the United States Constitution.

142. That the court enters judgement and declares that the deliberate indifference to the plaintiff's serious medical need and intentional infliction of emotional distress by the defendants Long, Moore, Basham, Cassagrande, McFarland, Hale, Parker, Hodge and T.D.O.C. did violate the plaintiff's rights under the Eighth Amendment of the United States Constitution.

143. That the court enters judgement and declares that the failure to adhere to apply T.D.O.C. policy in the instant case by the defendants Long, Moore, Basham, Cassagrande, McFarland, Hale, Parker, Hodge and T.D.O.C. did violate the plaintiff's rights under the Eighth Amendment of the United States Constitution.

144. That the court enters judgement and declares that the failure to adhere to apply T.D.O.C. policy in the instant case by the defendants Long, Moore, Basham, Cassagrande, McFarland, Hale, Parker, Hodge and T.D.O.C. did violate the plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

145. That the court enters judgement and declares that the wanton disregard for the plaintiff's serious medical condition and intentional infliction of emotional distress by the defendants Long, Moore, Basham, Cassagrande, McFarland, Hale, Parker, Hodge and T.D.O.C. violated the plaintiff's rights under the Eighth Amendment of the United States Constitution.

146. That the court orders the defendants Long, Moore, Basham, Cassagrande, McFarland, Hale, Parker, Hodge and T.D.O.C. to adhere to and apply T.D.O.C. policy to ensure that the plaintiff's medical restrictions are respected and that

he is assigned to a medical incentive position immediately upon an open position.

147. That the court award general damages to the plaintiff against defendants Long, Moore, Basham, Cassagrande, McFarland, and Hale.

148. That the court award punitive damages to the plaintiff against defendants Long, Moore, Basham, Cassagrande, McFarland, and Hale for the amount of One Million.

149. That the court grant such other further relief to plaintiff as it deems appropriate.

I. <u>Jury Demand</u>
I would like to have my case tried by a jury. Yes (√) No ( ).

I(We) hereby certify under penalty of perjury that the above complaint is true to the best of our information, knowledge, and belief.

Signed this 31 day of December, 2010.

*Tracy J. Finley*

(Signature of Plaintiff/Plaintiffs)