IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TRACY T. FINLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 11-1008-JDT-egb |
| ) | |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTION, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On January 6, 2011, the *pro se* prisoner Plaintiff, Tracy T. Finley, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 3.) On December 21, 2011, the Court partially dismissed the complaint and directed the Clerk to issue process for Correctional Sergeant Dale Basham, Correctional Officer David McFarland, and former Correctional Corporal Charles Moore. (ECF No. 6.)[1] Process was later also issued for Jobs Coordinator Ruth Long. (ECF No. 24.)

---

[1] The Court dismissed as time barred all claims arising from events that occurred prior to December 31, 2009. (*Id.* at 13.) The Court also dismissed the claims against the Tennessee Department of Correction and Defendants Hale, Cassagrande, Parker, and Hodge. (*Id.* at 10-11.) In addition, the Court dismissed Plaintiff's Eighth Amendment claims alleging that Defendants were deliberately indifferent to his serious medical needs. (*Id.* at 12-13.) However, two of those Eighth Amendment claims were later reinstated. (ECF No. 24 at 2.)

Defendants subsequently moved for summary judgment on Plaintiff's claims arising under the First and Fourteenth Amendments (ECF No. 59), which the Court granted on September 5, 2014 (ECF No. 65).

A second motion for summary judgment on the remaining Eighth Amendment claims was filed by Defendants Moore and Long on October 27, 2014.[2]  On November 7, 2014, Plaintiff filed a motion for relief from the order granting summary judgment on the First and Fourteenth Amendment claims.  He filed a response to the second motion for summary judgment on November 19, 2014.  (ECF No. 81.)

In Plaintiff's motion for relief from the order granting summary judgment, he contends the Court misinterpreted the evidence in the record and mistakenly determined that summary judgment was appropriate.  However, nothing in the motion persuades the Court that the decision was erroneous.  Therefore, the motion for relief from the order is DENIED.

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

---

[2] The Court allowed the filing of a second motion for summary judgment because the Defendants had inadvertently overlooked the fact that some of the Eighth Amendment claims had been reinstated.

    (A)    citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[3] or

    (B)    showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

    (1)    give an opportunity to properly support or address the fact;

    (2)    consider the fact undisputed for purposes of the motion;

    (3)    grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or

    (4)    issue any other appropriate order.

Fed. R. Civ. P. 56(e).

    In *Celotex Corp.*, the Supreme Court explained that Rule 56:

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

---

[3] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"

*Id.* at 252; *see also Matsushita*, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

The remaining Eighth Amendment claims are that: (1) Defendant Long acted with deliberate indifference to Plaintiff's serious medical needs by assigning him to an air conditioning repair job, even though she knew the job was outside his medical restrictions; and (2) Defendant Moore also acted with deliberate indifference to Plaintiff's serious medical needs when he directed Plaintiff to

remove dust from the top of the air ducts in the ceiling, knowing the task was outside Plaintiff's medical restrictions.

Plaintiff's specific allegations relevant to these Eighth Amendment claims are summarized in the screening order as follows:

> Plaintiff's work eligibility is class B medical, which means limited duty, no heavy lifting, no continuous strenuous activity for extended periods, no continuous standing or walking for extended periods, no participation in weight lifting or strenuous athletics, and no activity involving food preparation and handling. ([ECF No.] 1 at 8.)

(ECF No. 6 at 3.) Plaintiff further alleged that

> [o]n April 27, 2010, Defendant Moore allegedly told Plaintiff to remove dust from the top of air ducts in the ceiling. Moore knew this task was "outside of [Plaintiff's] medical restrictions," which presumably means that his medical restrictions prevented him from performing that task. Moore allegedly told Plaintiff that he would receive a disciplinary write-up if he refused to perform the task. ([ECF No. 1 at 3-4.])
>
> At that point, Plaintiff went to the jobs office and told Defendant Long that he "was being discriminated against, forced to work more than other inmates, [and] required to work outside his medical range," and he asked to be dropped from this program assignment. (*Id.*) Defendant Long referred Plaintiff to unit staff for a non-disciplinary job dismissal. (*Id.* at 5.) Defendant Long also put Plaintiff on the register for a new program assignment. (*Id.*) Despite Defendant Long's recommendation of a non-disciplinary job dismissal, the unit team insisted on issuing a Class A disciplinary for failure to participate. (*Id.*) Because of the threat to write him up, Plaintiff "was forced to add yet another task to his already heavy workload and continued to work outside his medical range." (*Id.*)
>
> On April 27, 2010, Defendant Long assigned Plaintiff to an air conditioning repair job. (*Id.* at 8.) That job was "way out of the range of the plaintiff's medical restrictions" and allegedly shows that Long was deliberately indifferent to Plaintiff's serious medical need. (*Id.* at 8-9.) Plaintiff alleges that he has suffered physical injuries and emotional distress as a result of working outside his medical range. (*Id.* at 9.)

(ECF No. 6 at 4-5.)

In support of the second motion for summary judgment, Defendants have submitted a second affidavit from Defendant Long (Long Aff., ECF No. 76-3) and the affidavit of Recie Yanders, the Health Administrator at the NWCX (Yanders Aff., ECF No. 76-4). Defendant Moore relies on the affidavit he submitted in support of the previous motion for summary judgment. (Moore Aff., ECF No. 59-5.) In support of his response in opposition to the second motion for summary judgment, Plaintiff has submitted his affidavit (Pl.'s Aff., ECF No. 81-3 at 2), the affidavits of three other NWCX inmates (*id.* at 3-5),[4] and various other documents (*id.* at 1, 6-7; *see also* ECF No. 81-4.)

The Eighth Amendment prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "'minimal civilized measure of life's necessities,'" *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). In the medical care context, this requires the prisoner to show that he has a sufficiently serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks*

---

[4] These statements are of little to no value, as they do not state when the events described therein occurred. In addition, the "affidavit" by inmate Johnson is neither notarized nor executed under penalty of perjury. (*Id.* at 4.)

*v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). For the purposes of this order, the Court will presume that Plaintiff's medical condition was sufficiently serious to satisfy the objective component.

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he or she had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835.

In her second affidavit, Defendant Long asserts that Plaintiff was assigned to a commercial cleaner job from January 22, 2008 to December 20, 2011. On December 21, 2011, he was assigned to a medical incentive job. Long states that Plaintiff was never assigned to an air conditioning repair job or class on April 27, 2010. (Long Aff. ¶¶ 2-3, ECF No. 76-3 at 1-2.) This assertion is supported by institutional records attached to Long's affidavit. (*Id.* at 4-5.) She further states that she was not aware of any problems Plaintiff allegedly had with his job assignment. (*Id.,* ¶ 3 at 2.)

Plaintiff states in his affidavit that he was a commercial cleaner or "rockman" on April 27, 2010. After being told by Defendant Moore to clean the air ducts in the ceiling, he complained to Long that he was being required to work outside his medical restrictions and "requested a job dismissal, and to be placed on the register for new job assignment." (Pl.'s Aff., ECF No. 81-3 at 2.) Institutional records accompanying the affidavit show that he was placed on the job register for a

7

position as a refrigeration mechanic. (*Id.* at 1.)[5] However, mere placement on the job register for the position does not appear to mean that Plaintiff was actually assigned a job as a refrigeration mechanic, as the records submitted by Long show that he remained a commercial cleaner until he was assigned a medical incentive job on December 21, 2011.[6]

In Defendant Moore's affidavit, he asserts that on April 27, 2010, he ordered Plaintiff to clean the dust off the air vent in his cell because an inspection by the Warden was imminent. Moore further states that the instruction was not outside Plaintiff's medical restrictions because he was not limited in reaching over his head. (Moore Aff. ¶ 4, ECF No. 59-5 at 2.) This assertion is confirmed by Yanders, the NWCX Health Administrator, who also states in her affidavit that Plaintiff's medical restrictions did not include a restriction on reaching above his head. (Yanders Aff. ¶ 3, ECF No. 76-4 at 1-2.)

In his response to Defendants' statement of undisputed facts, Plaintiff contends that the air vent in his cell was about nine feet high, and he is only five feet five inches tall. Therefore, he asserts that he "would not have been able to perform such a task without the aid of a ladder, which given plaintiffs health condition may have proved hazardous." (ECF No. 81-1 ¶ 3, at 2.) However, Plaintiff does not state, and there is no evidence in the record showing, that Plaintiff actually used a ladder to clean the air vents. Furthermore, even if it was necessary, there is no evidence that Plaintiff was restricted from briefly climbing a ladder to perform the requested task. His medical

---

[5] Although it is not entirely clear, the Court will presume that a "refrigeration mechanic" position is the same thing as an "air conditioning repair" job.

[6] This is supported by the fact that, although Plaintiff was again placed on the job register for a medical incentive job on September 23, 2010 (ECF No. 81-4 at 1), he was not actually assigned such a job until December 21, 2011 (ECF No. 76-3 at 4-5).

restrictions included no lifting over twenty pounds, "no continuous strenuous activity" for more than thirty minutes, "no continuous standing or walking" for more than thirty minutes, "no participation in weight lifting or strenuous athletics," and no food preparation or handling. There was no specific restriction on climbing. (ECF No. 81-4 at 2; *see also* Yanders Aff. ¶ 3, ECF No. 76-4 at 1-2.)

The Court finds that there are no material facts in dispute regarding whether Defendant Moore required Plaintiff to work outside his medical restrictions on April 27, 2010 by ordering him to clean the air vents, or whether Defendant Long assigned him a job on April 27, 2010, that was outside his medical restrictions. Therefore, the Defendants are entitled to judgment as a matter of law for that reason alone.

Defendants also contend, however, that even if Plaintiff was required to work outside his medical restrictions, he suffered no physical injury as a result. Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Sixth Circuit has held that even though the physical injury required by the statute "need not be significant, it must be more than *de minimis*." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). *See also Jarriet v. Wilson*, 162 F. App'x 394, 400-01 (6th Cir. 2005) (prisoner who was put in small strip cage for twelve hours but who failed to mention the alleged swelling, pain, and cramps in his leg to medical personnel when he was released had only *de minimis* physical injury); *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (prisoner sprayed with pepper spray was "merely uncomfortable in the ordinary fashion of persons exposed to pepper spray" and suffered only *de minimis* physical injury); *Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002) (two small bruises and minor cuts were *de minimis* physical injury).

In this case, Plaintiff contends he was seen by a doctor for a sinus condition in May 2010 as a result of cleaning the dust from the air vents on April 27, 2010.[7] He also contends that he was treated in October through December 2010 "for injury incurred from lifting heavy furniture and operating heavy machinery" during unspecified work assignments that were outside his medical restrictions. (ECF No. 81-1 ¶ 6, at 2-3.) However, the only "medical records" Plaintiff submitted are two forms showing that on October 7, 2010, and again on December 2, 2010, he authorized medical co-pays of $3.00 to be withdrawn from his inmate trust account. (ECF No. 81-3 at 6-7.) These forms do not suffice to show the existence of any specific medical condition. Health Administrator Yanders states in her affidavit that from March 23, 2010 to September 3, 2010, Plaintiff sought medical treatment only for his chronic conditions, which are unrelated to his prison jobs. (Yanders Aff. ¶¶ 4-5, ECF No. 76-4 at 2.) Plaintiff's medical records are attached to corroborate that assertion. (*Id*. at 4-7.)

Therefore, the Court finds that the Defendants also are entitled to judgment as a matter of law because Plaintiff has offered no evidence that he suffered any physical injury as a result of the alleged Eighth Amendment violations in this case.

For all of the above-stated reasons, the Defendants' motion for summary judgment is GRANTED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The

---

[7] A routine sinus condition would not amount to more than *de minimis* injury.

same considerations that lead the Court to grant summary judgment also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals this decision. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal. IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE